## AKERS v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10154. Decided December 9, 1929

Messrs. S. C. Glenn and T. W. Fleming, Cleveland, for Akers.

Messrs. Ray T. Miller and D. R. Hartz, Cleveland, for State.

LEMERT, P. J. and SHERICK, J. (5th Dist) sitting

**SHERICK, J.**

It is strenuously urged by counsel for defendant that the Common Pleas Court had no jurisdiction of the subject matter and of the person of the defendant by reason of the fact that the Juvenile Court Act, **1639 GC, et seq.** has, by implication, deprived courts of Common Pleas of their heretofore well recognized right of jurisdiction in such cases.

It does not seems in this case that the defendant was at any time brought before a committing magistrate, but that the grand jury of Cuyahoga County, upon its own instance, caused the defendant to be indicted. Had the defendant been before a committing magistrate and moved that court that his case be certified to the Juvenile Court, the same would no doubt have been well taken. But it is well recognized under the law of this State that courts of Common Pleas have jurisdiction in cases of felony and we note in Section 1369 prescribing the jurisdiction of Juvenile Courts that murder in the first degree is not included and it is not the intention of the Juvenile Court Act to invest the Juvenile Court with jurisdiction in cases of felony, nor does the Act in any way change the common law rule as to the capacity of the minor to commit a felony, and the act itself recognizes, by its provision authorizing the Juvenile Court to bind cases of felony over to the Court of Common Pleas. We cannot accede to the proposition that the Juvenile Act by implication repeals the long established usage and law of this State. The Act did not go further and provide that grand juries cannot indict in cases of felony or that the Common Pleas Court could not exercise jurisdiction in such case unless the Juvenile Court bound a defendant over to it.

It is further urged upon this court that this defendant being a minor could not be held to have waived a defect which might have been taken advantage of by a motion to quash. With this we cannot agree. The criminal statutes of this State in a situation of this kind deal with a minor as if he were sui juris, and this court cannot conceive that the fact that a defendant is a minor shall work a revocation of the plain provision of **13,625 GC.**

It is well settled that a defendant pleading to the genneral issue is held to have waived the defects which might have been taken advantage of by a motion to quash.

We, therefore, hold that the trial court was not in error in its ruling upon the motion to quash, and that the same was properly overruled.

We direct attention to the cases of **Gerak vs. State, 22 OA. 357** and **State vs. Klingenberger, 113 OS. 418,** which we feel fully supports the judgment.

It, therefore, follows that the **verdict** and judgment thereon are hereby affirmed. Exceptions may be noted.

Lemert, PJ., concurs. Houck, J., not participating.