## Fifer v. Fifer.

October 28, 1947.

Lawrence F. Speckman, Judge.

Guy C. Shearer, Robert B. Hardison and Sam Robinson for appellant.

Robert E. Hogan and Merrill F. Wehmhoff for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellant, Hazel Fifer, and the appellee, Roy Fifer, were married in Illinois, in 1918. They lived on a farm in that state and raised a family. Their farming venture seems to have been somewhat unsuccessful,

since there is testimony that several thousand dollars which Mrs. Fifer inherited were used in support of the family and in the farm operations. The couple moved to Louisville, Kentucky, in 1937. They lived in that city until 1941, when they moved to Indiana. There a small farm costing $2750 was purchased in the names of Mr. and Mrs. Fifer. Both parties signed the sales contract, which had the usual survivorship clause. It is conclusively shown that Mr. Fifer made the down payment and the subsequent payments up until the time of the filing of this action. Mr. Fifer was engaged in war work until about 1942, when he left for Puerto Rico. Differences having arisen between the couple, Mrs. Fifer came to Louisville in 1942, and in 1943 she instituted a divorce action in the Jefferson Circuit Court. Mr. Fifer was notified of the action by a warning order, but he interposed no defense. In May, 1944, Mrs. Fifer was awarded a divorce on the ground of desertion. In her petition she mentioned no property or property rights, and asked no personal judgment against Mr. Fifer. The divorce judgment contained the usual provision as to the restoration of property, which follows:

"It is further considered and adjudged by the Court that each party shall restore to the other such property not disposed of at the commencement of this action as either may have obtained directly or indirectly from or through the other during marriage, in consideration or by reason thereof."

In 1945, Mr. Fifer returned to Jefferson County and filed a petition in the original divorce action in which he sought to have Mrs. Fifer convey to him her interest under the contract of purchase in the Indiana property. Mrs. Fifer charged that it was error to insert in the divorce judgment the aforementioned reference to property rights, since no question had been raised in her petition relative to them and that the Indiana property was owned by them jointly, having been acquired through their joint efforts. She prayed also that, in the event the court should take jurisdiction and adjudge Mr. Fifer to be the owner of all the property in Indiana, she be awarded some several thousand dollars representing funds of hers which he had appropriated and used while the couple lived in Illinois. Upon recommendation of the commissioner it was ad-

judged that Mrs. Fifer's interest in the Indiana property had been acquired by virtue of her marital relations with Mr. Fifer and that it should be restored to him under KRS 403.060. Section 425 of the Civil Code of Practice also directs such a restoration.

Considerable argument is made by counsel for Mrs. Fifer about the aforementioned provision of the divorce judgment, and also it is argued that Section 425 of the Civil Code of Practice was supplemented by KRS 403.-060. A restoration would have been required, regardless of whether it had been mentioned in the judgment, and, as we view the question, there is little or no material distinction between the Civil Code of Practice provision and the statute. Certainly that is true, insofar as this case is concerned, because the property was acquired while the Fifers were living together. Furthermore, we give little weight to the argument that a part of Mrs. Fifer's inheritance went to purchase the Indiana property, because the couple were virtually without funds when they came to Louisville in 1937 and the original payment and the three subsequent payments were shown to have been made from Mr. Fifer's funds. This Court has held repeatedly that the duties performed by a housewife in support of her home and in raising a family do not constitute such valuable consideration as will permit her to resist the mandatory provisions of the statute requiring the restoration to her husband of any property she may have acquired during the existence of, or by consideration of, the marital relation. Woford v. Woford, 267 Ky. 787, 103 S. W. 2d 296, and cases cited therein.

We think there is a more serious question in relation to whatever interest Mrs. Fifer may have in the Indiana farm. It is true, as contended by counsel for Mr. Fifer, that she voluntarily came into the Equity Branch of the Jefferson Circuit Court seeking a divorce, and that once having done so equity will force her to carry out its orders through contempt proceedings or otherwise. But, at the threshold, we are met with the question as to what rights, interests, or liabilities Mrs. Fifer may have in the land under the joint purchase contract executed by her and Mr. Fifer. She may or may not have assumed joint liability for the whole purchase price under the Indiana law. It strikes

us that there should be a determination of the question by a consideration of the law of that state before any effort be made to attempt to force Mrs. Fifer to make restoration of the Indiana farm. We may say in closing that it is elementary that a court in this State would have no jurisdiction over real property in Indiana. The fact that land may have been acquired after marriage does not alter the rule. 11 Am. Jur., Conflict of Laws, section 52.

For the reasons given the judgment is reversed, with directions that it be set aside and for proceedings consistent with this opinion.