BAXTER *v.* BAXTER.

[No. 19,994. Filed February 7, 1964. Rehearing denied March 11, 1965. Transfer denied November 2, 1965.]

*Robert W. Davis,* of Corydon, for appellant.

*Evens, Baker & Barnhart,* of Bloomington, for appellee.

HUNTER, P. J.—The appellant (plaintiff below) filed a complaint for a declaratory judgment against his former wife, appellee (defendant below) whereby he sought to have the trial court determine that a judgment for alimony previously established by a divorce decree duly entered by the Monroe Circuit Court, September, 1953, did not constitute a lien upon his real estate as to future monthly alimony payments. The appellant contends that the decree did not expressly provide for lien upon his said real estate as to future alimony payments and therefore was not in conformity with the Acts of 1873, ch. 43, § 22, p. 107 being § 3-1218, Burns' 1946 Replacement.

The appellant's complaint in its essential and pertinent particulars in part may be summarized as follows: (1) the appellant asked for declaratory judgment to determine the interests of the appellant and appellee in real estate owned by the appellant, (2) the complaint states the controversy arose over the terms of a divorce decree rendered in September, 1953 by the Monroe Circuit Court wherein the trial court awarded an alimony judgment in the amount of $204,075.00 payable in equal monthly installments of $680.25, (3) the complaint further states that the appellant's (plaintiff's) rights and status as to the legal title of said real estate is uncertain and that there is an actual existing controversy between the parties herein and will continue unless resolved and determined by the court in a construction of that portion of said divorce decree insofar as it relates to a lien on the real estate, (4) the prayer of the appellant's (plaintiff's) complaint asked that the rights of the parties under said divorce decree be determined and declared and that the judgment for alimony in said decree be determined not to be a lien on said real estate. To the complaint as originally filed the appellee, by special appearance, filed a motion to set aside the notice by publication which was overruled by the court. Thereafter the appellee (defendant) filed an amended answer in abatement to which the appellant (plaintiff) filed a demurrer which was sustained by the trial court. Thereafter the appellee (defendant) filed her demurrer to the appellant's (plaintiff's) complaint which demurrer was overruled by the court, to all of which rulings, by the record the appellee objected and objections and exceptions to said rulings were timely made and the appellee requested and received a special entry purporting to save said exceptions for appeal. The appellee (defendant) thereafter filed a motion for a change of judge which motion was granted and the appellee then filed a petition before the special judge to reconsider the rulings on the various pleadings as set forth above resulting in rulings thereon precisely as the regular

judge had ruled on said pleadings and thereafter in response to a rule to answer, the appellee filed her answer to the appellant's complaint and all the evidence was stipulated.

The objections and exceptions (1) to the court's ruling on motion to quash and set aside notice by publication, and (2) the court's sustaining of appellant's demurrer to amended answer in abatement filed, and sought to be saved, by the appellee on this appeal and argued in her brief are not properly before this court for consideration. In order to save these questions on appeal the appellee in compliance with Rule 2-6 of the Supreme Court should have within thirty (30) days after the filing of the appellant's brief filed an assignment of cross errors with the Clerk of the Supreme and Appellate Courts which she failed to do. The assignment of cross errors must be filed pursuant to the rule of the Supreme Court. Flanagan, Wiltrout & Hamilton, Indiana Trial & Appellate Practice, ch. 48, § 2442, p. 186. "If cross-errors are not assigned, ruling against appellee will not be considered." Flanagan, Wiltrout & Hamilton, Indiana Trial & Appellate Practice, ch. 48, § 2443, p. 187, and cases cited.

The sole error presented by the appellant's assignment of error and his motion for new trial is that the decision of the trial court is contrary to law.

We therefore direct our attention to the question of the appropriateness of the court's action under the Declaratory Judgments Act. The Declaratory Judgments Act as applicable to the issues here is set forth, in part, as follows:

§ 3-1101. "Power of courts to declare rights, status, and other legal relations.—Courts of record within their respective jurisdictions *shall have power to declare rights, status, and other legal relations* whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declara-

tion shall have the force and effect of a final judgment or decree. (Acts 1927, ch. 81, § 1, p. 208.)"

§ 3-1105. "Enumeration not restrictions.—The enumeration in sections 2, 3 and 4 (§§ 3-1102, 3-1103, 3-1104) does not limit or restrict the exercise of the general powers conferred in section 1 (§ 3-1101), *in any proceeding* where declaratory relief is sought, in which a *judgment* or *decree* will *terminate the controversy or remove an uncertainty.* (Acts 1927, ch. 81, § 5, p. 208.)"

§ 3-1112 (680.12). Act remedial—Liberal construction and administration.—This act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; *and is to be liberally construed and administered.* (Acts 1927, ch. 81, § 12, p. 208.)" (our emphasis)

The question of declaratory relief under the above act relative to determination of rights, duties, status and relations under a subsisting divorce decree is a question of first impression, however we find general rules in West's Indiana Law Encyclopedia which indicate that the action brought by the appellant in the case at bar falls within the purview and intent of the Declaratory Judgments Act. ". . . the adjudication of title, or of conflicting claims or doubtful questions relating to title, or of a right to, in, or with respect to, property, real or personal, is an appropriate subject of declaratory relief." 10 I. L. E., Title and Property Rights, § 15, pp. 72-73. We further find in the same work the following text declaration: "A declaration of rights in connection with an executory judgment is to that extent remedial, and seems to be within the purposes of the declaratory judgment act when the relationship of the parties is not, or may not be, terminated by the executory judgment." 10 I. L. E., Declaratory Judgment, § 31, pp. 75-76.

Our Supreme Court in a case were the question turned on the issue of a collateral attack upon a subsisting divorce decree, nevertheless indicated that an action for a declaratory judgment could be used for the purpose of determining and declaring by a judgment or decree the rights, status, or rela-

tions in existence under a subsisting divorce decree when such an action is brought; *Bowser* v. *Tobin* (1939), 215 Ind. 99, 18 N. E. 2d 773, and that is precisely what the appellant in the case at bar seeks to do in his action for in seeking declaratory relief under the Declaratory Judgments Act, he petitions the court to settle and to afford relief from uncertainty and insecurity with respect to the rights, status, and legal relations of the parties under the decree; and further has sought to have the trial court by declaratory relief decree a termination of the controversy and removal of uncertainty with respect to the rights, status, and legal relations of the plaintiff and defendant under the divorce decree as entered by the Monroe Circuit Court. We are of the opinion further that the adjudication of title, or doubt or uncertainty relating to title, or of a right to, in, or with respect to his real estate is a proper subject of declaratory relief. We further hold that the alimony portion in the divorce decree of the Monroe Circuit Court is a continuing one under which both of the parties have certain rights, duties, and legal relations and to that extent is an executory judgment which in our opinion brings it within the purposes of the Declaratory Judgments Act. We therefore hold that the appellant's complaint for declaratory relief under said act was authorized for the act expressly provides that it shall be *liberally construed* and *administered* for the purpose of determining the rights of the parties and is remedial in nature. § 3-1112, Burns' 1946 Replacement, *supra*.

Therefore, we turn our attention to the decree entered by the trial court in the case at bar under the Declaratory Judgments proceedings, the pertinent parts thereof are set forth as follows:

"That the plaintiff herein is entitled to a construction of the judgment referred to in plaintiff's complaint;

That said judgment for alimony as granted by this court in Cause No. 637 for the sum of $204,075.00 *constitutes a lien upon the real estate of the Plaintiff as to all future payments of alimony* under such judgment.

IT IS THEREFORE CONSIDERED AND ADJUDGED by the Court that the Plaintiff take nothing by his complaint, that the judgment of this court in Cause No. 637 for alimony in the amount of $204,075.00 *is a lien on Plaintiff's real estate as to all future payments of alimony under such judgment, . . .*" (our emphasis)

The original divorce decree of the Monroe Circuit Court as it applies to the alimony and lien provisions thereof under which the appellant seeks by his action to have the rights, duties, status and legal relations of the parties declared is set forth in its pertinent parts as follows:

"IT IS FURTHER considered, adjudged and decreed by the Court that the separation and *property settlement agreement hereinabove set out should be, and now is in all things ratified, confirmed and approved by the Court and that all provisions thereof shall in all things be firm, effectual and binding upon the plaintiff and defendant, . . .*"

". . . IT IS FURTHER ordered, adjudged and decreed by the Court that the defendant have and recover of and from the plaintiff the principal sum of Two Hundred Four Thousand and Seventy-five ($204,075.00) Dollars, alimony without interest, except as to delinquent payments, and without relief from valuation or appraisement laws, along with her costs and charges paid, laid out, and expended taxed at $———, and that said judgment for alimony should be and now is ordered paid according to all of the terms and conditions of paragraphs (6) and (7) of said agreement hereinabove set out, and that said judgment for alimony *shall be a first lien,* subject only to taxes, *upon all of plaintiff's real estate now owned or subsequently acquired by him, . . .*" (our emphasis)

All of the evidence was stipulated and a condensed recital thereof as shown by the Bill of Exceptions is as follows:

"Paragraph 1. Plaintiff, on numerous occasions, has received offers to sell and dispose of said property but has been unable to do so because of the provision relating to a lien as contained in said decree and will be unable to sell or dispose of said property in the future unless it is dissolved and determined by the Court that the lien as contained in said decree is not a lien on said real estate. Further, that plaintiff has been unable to pledge or mort-

gage said real estate in order to obtain money for his business and welfare and will not be able to procure a mortgage until the Court releases and determines that the lien as contained in said decree is not a lien on said real estate." (Tr. p. 113, lines 3-15)

On September 15, 1953 the court entered a decree of divorce between the parties hereto (which is hereinbefore set forth).

### Property Settlement Agreement (Par. 6)

". . . (6) In addition to the benefits provided for wife by husband, it is agreed, in event a divorce is decreed, that the court may enter a decree and judgment for alimony in the principal sum of Two Hundred Four Thousand and Seventy-five Dollars ($204,075.00) without interest except on delinquent installments but with the proviso that the same shall be payable in installments as follows: Twenty one Hundred and Sixty Three Dollars ($2163.00) cash in hand at the time of entry of such decree and the sum of Six Hundred Eighty Dollars and Twenty-five Cents ($680.25) on or before the first secular day of each month thereafter until said total amount without interest except on delinquent installments is paid in full, or until her death or remarriage, after which said payments shall cease and said judgment for alimony, shall be deemed fully paid and satisfied, provided however, that in the event said total sum of Two Hundred Four Thousand and Seventy-five Dollars ($204,075.00) is fully paid prior to the death or remarriage of wife, husband shall continue to make said monthly payments of Six Hundred Eighty Dollars and Twenty-Five Cents ($680.25) until her death or re-marriage. It is further agreed that said *judgment for alimony shall be a first lien upon all of husband's real estate now owned or subsequently acquired,* including but not limited to said property commonly known as 306 East Kirkwood Avenue, and a lien on all his personal property except his personal effects and professional instruments and professional inventory and office equipment; but provided however, that in the event husband should at any future time, desire to sell, convey or assign any such assets that are hereby made subject to the lien of said judgment he may do so by depositing as collateral security (sic) in trust and in escrow with a Bloomington, Indiana bank for the use and benefit of wife in the event he should breach this agreement, cash, government bonds, industrial

bonds of stock having a Moddy (sic) or Poor's rating of AAA or the equivalent (or such other securities as wife may agree to accept), the same to be in lieu and in substitution for the assets so sold. In the event of the tender of such substituted cash or securities, wife shall release her lien upon such assets being sold. In the event husband should for any reason fail to make said monthly payments to wife as herein provided, said bank is hereby authorized, empowered and directed to use such cash and to sell such bonds and/or stock, if necessary, and use the proceeds from such sale or sales for that purpose, as the attorney-in-fact for said husband . . ." (our emphasis)

Further, all the evidence was stipulated and a condensed recital thereof is set forth as follows:

(a) In the preliminary discussions between the attorneys for the parties, *the appellee's attorney insisted upon a lien upon the appellant's real estate to secure future payments of alimony which was objected to* by the attorney representing the appellant. *The provision for the substitution of stocks and bonds as set out in the separation agreement was then inserted as a means of compromise and as a method of releasing the appellant's real estate from the lien.*

(b) The parties by warranty deed, conveyed the appellant's real estate to Regina Marynell and immediately after the divorce, the latter conveyed the said real estate to the appellant, all pursuant to the property agreement and divorce decree.

(c) The sum of Two Thousand One Hundred Sixty-three ($2,163.00) Dollars referred to in the property settlement was for the first year's premium on a life insurance policy and *which was paid by the appellant prior to the divorce decree.*

(d) Subsequently, on two occasions, the appellant requested the appellee to subordinate her lien to a first mortgage and to accept in lieu of the lien a bond, to be issued as surety for future payments, which the appellee would not accept.

The portion of the statute the appellant asserts was not complied with and which is pertinent to the issue is set forth as follows:

"... Said judgment shall be a lien upon the real estate and chattels real of the spouse liable therefor to the extent that it is payable immediately but *shall not be such a lien to the extent that it is payable in the future unless and to the extent such decree expressly provides . . .*" (our emphasis) § 3-1218, Burns' 1946 Replacement, *supra.*

It will be admitted that since the judgment of divorce entered by the trial court "ratified," "confirmed," and "approved" the property settlement agreement and made the same in all things "firm," "effectual," and "binding" upon the parties that *if either, or both, the property settlement agreement or the decree entered by the court expressly provided* for a judgment lien upon the real estate of the appellant, to the extent that such alimony was payable in the future, then this appeal must fail.

Therefore, we turn our attention to definitions of "express" and "expressly," which we find defined as follows:

"Clear; definite; explicit; . . . Manifested by direct and appropriate language, as distinguished from that which is inferred from conduct. The word is usually contrasted with 'implied'." Black's Law Dictionary Fourth Edition, p. 691. "In an express manner; in distinct terms; with distinct purpose . . ." Black's Law Dictionary Fourth Edition, p. 692.

The above definitions are supported by *The State, ex rel. Yancey* v. *Hyde* (1889), 121 Ind. 20, 22 N. E. 644; *The City of Evansville et al.* v. *The State, ex rel. Blend et al.* (1889), 118 Ind. 426, 21 N. E. 267; *The State, ex rel. Holt et al.,* v. *Denny, Mayor, et al.* (1889), 118 Ind. 449, 21 N. E. 274; *Hovey, Governor,* v. *The State, ex rel. Carson* (1889), 119 Ind. 395, 21 N. E. 21.

Therefore, since the divorce decree of the Monroe Circuit Court "in all things ratified, confirmed and approved" the property settlement agreement, and further decreed "that all provisions thereof shall be firm, effectual, and binding" upon

the parties and therefore merged said provisions of said property settlement agreement into the decree, we are per force required to make a careful study and consideration of paragraph six (6) of said agreement. Said paragraph conclusively and in condensed form demonstrates the following:

(1) That in the event a divorce is decreed that a judgment for alimony in the principal sum of $204,075.00 may be entered by the court without interest except on delinquent installments.

(2) $2,163.00 cash in hand at the time of the entry of such decree *(which was paid as a premium on an insurance policy before rendition of divorce decree)*.

(3) The sum of *$680.25 to be paid* by the first secular day of *each month thereafter* until said total amount ($204,075.00) without interest except on delinquent installments is paid in full or until the appellee's death or re-marriage; that *in the event* the said *total sum of $204,075.00 is paid* in full *prior to the death* or *re-marriage* of the appellee (wife), appellant *husband shall continue* to make *such monthly payments* of $680.25 *until* her *death or re-marriage*.

(4) Said *judgment for alimony shall be a first lien upon his real estate now owned or subsequently acquired and* also on *all his personal property* except certain personal effects.

(5) That in the event the appellant (husband) *should* at any future time *decide to dispose of his real estate* or any of such assets that are *subject to the lien of said judgment he may do so by depositing as collateral* cash or certain defined and *denominated types of securities* in trust and in escrow with a Bloomington bank *for the use and benefit of his wife* in the event he should breach this agreement.

(6) *In* the *event* of the tender *of such substituted cash* or *securities* appellee *(wife) shall release her lien* upon such assets being sold.

(7) In the event appellant (husband) should fail to make said monthly payments of $680.25 the bank is authorized to convey such securities to cash as necessary and use the proceeds for the payment of said monthly installments as attorney-in-fact for said appellant (husband).

We are of the opinion that it must be conceded that the statute itself, by its very terms, operates to create a judgment lien upon real estate to the extent the alimony is payable immediately. In the instant case, therefore, we are required to determine the degree of specificity of the property settlement agreement and the divorce decree to the extent that the alimony was payable in the future when tested by and placed against the provisions of the statute.

Upon a consideration of all the terms of said property settlement agreement, it appears that the same clearly manifested by direct and appropriate language that future alimony payments were to be secured by judgment lien against the real estate of the appellant. We, therefore, are of the opinion that the agreement as set forth above requires that it be interpreted as providing a judgment lien upon the real estate of the appellant as security for the payment of future monthly installments of alimony. At the time the divorce decree was entered by the Monroe Circuit Court all of the alimony provided in said agreement and in the decree of the court was payable in future monthly installments of $680.25 and the agreement provided that the "said judgment for alimony shall be a first lien upon his (the husband's) real estate now owned or subsequently acquired" and the decree adopted the language of the property settlement agreement in the ratification, confirmation and approval of said agreement by the court.

Therefore, of necessity, we must hold that the court's decree as it provided "that said judgment for alimony shall be a first lien . . . upon all of plaintiff's real estate now owned or subsequently acquired by him" did decree that such alimony judgment constituted a first lien upon the appellant's real estate to the extent that said alimony judgment was payable in the future. We are holding, therefore, that the property settlement agreement and the divorce decree were definitive of a judgment lien against the appellant's real estate to the extent the alimony judgment was to be paid in the future.

We find no reversible error in the judgment of the trial court in the declaratory judgment proceedings.

Judgment affirmed.

Kelley, Mote and Pfaff, JJ. concur.

NOTE.—Reported in 195 N. E. 2d 877.