Phyllis M. BECKER, Appellant,

v.

Marion W. BECKER, Appellee.

Court of Appeals of Kentucky.

Jan. 19, 1979.

Melbourne Mills, Jr., Versailles, for appellant.

Gardner L. Turner, Sturgill, Turner & Truitt, Lexington, for appellee.

Before WHITE, HOGGE and VANCE, JJ.

WHITE, Judge.

This is an appeal from the order of the Bourbon Circuit Court compelling appellant Phyllis Becker to convey to her former husband, appellee Marion Becker, a 60% interest in a house and lot in Odessa, Florida, pursuant to the final decree of dissolution of their marriage. The only question on appeal is whether a Kentucky court, by virtue of its in personam jurisdiction, has the power to compel a party to a divorce proceeding before it to convey real property located in another state.

In addition do dissolving the parties' marriage, the decree entered February 7, 1977, also made a division of their property. Although the house and lot in Odessa, Florida, was solely in the name of Phyllis Becker, the court found it to be marital property and awarded a 60% interest to appellee and a 40% interest to appellant. After appellant refused to transfer to appellee the portion of the property awarded to him, he moved the court to compel her to convey his interest to him. On February 7, 1978, the Commissioner for Domestic Relations Matters in the Bourbon Circuit Court recommended that appellee's motion be granted, and on April 17, 1978, the court confirmed and approved the Commissioner's report and order, over appellant's objection.

Appellant argues that a Kentucky court does not have the power to compel a party to a proceeding before it to convey real property located in another state. As supportive of this assertion, she merely cites the case of *Fifer v. Fifer*, 305 Ky. 701, 205 S.W.2d 479 (1947). However, a careful reading of *Fifer, supra*, discloses that the Court of Appeals never reached the question of a Kentucky court's power to compel conveyance of out-of-state property, and therefore, we do not believe that *Fifer* sustains appellant's position.

In *Fifer*, the divorce judgment awarded the wife contained no adjudication of property rights, other than the general provision for restoration of all property obtained directly or indirectly by one spouse from the other by reason of the marital relation. Although he did not contest the original judgment, the year after the divorce was granted, the husband asked the Kentucky court to require his wife to convey to him her interest in a farm located in Indiana. The circuit court granted the request on the basis that the wife's property interest had been acquired by virtue of her marital relation with him. The Court of Appeals reversed, holding that as both parties had signed the purchase agreement, the question of whether the wife had assumed joint liability for the purchase price remained open, and thus until Indiana law regarding the wife's liability had been considered, no attempt to compel the wife to convey her interest could be made.

Here, the circuit court undertook the task of adjudicating all property rights at the time the decree of dissolution was entered. If appellant had any doubts as to either the basis for or the propriety of the circuit court's designation of the house and lot in Florida as marital property, she lost her opportunity to complain because she did not contest the decision within the time allowed. Thus, unlike *Fifer*, the threshold question of rights and liabilities in the Florida property has already been decided, thereby removing any impediment to a decision as to the power of a Kentucky court to compel a party to convey real property located in another state.

However, before reaching this question, we should note that appellant has made a belated attempt to question the trial court's finding that the Florida holdings were marital property by noting that the title to the property was in her name only. Besides the untimeliness of this assertion, the validity of such a contention is brought into question by the provision in KRS 403.190(3) that when, as here, property is acquired after marriage but before a decree of legal sepa-

ration, it is presumed to be marital property. In addition, the Court of Appeals, in *Colley v. Colley*, Ky., 460 S.W.2d 821 (1970), has stated that in determining the division of property, record title and possession are generally neither material nor important.

As regards the question of the power of a court to compel a party before it to convey real property located in another state, we believe that the United States Supreme Court firmly established such authority in *Fall v. Eastin*, 215 U.S. 1, 30 S.Ct. 3, 54 S.Ct. 65 (1909). There, the Court held that while it was clear that the disposition of real estate was to be governed by the law of the state where the land was situated, and that no decree or conveyance of property except by the party vested with title was effective beyond the jurisdiction of that court, a court of equity with in personam jurisdiction could, in the proper case, by virtue of its power over the person of a party, " 'compel him to act in relation to property not within its jurisdiction.' " 30 S.Ct. at 7. The Court further explained that such a " 'decree does not operate directly on the property nor affect the title, but is made effectual through the coercion of the defendant; as, for instance, by directing a deed to be executed or cancelled by or on behalf of the party.' " *Id..* The Court pointed out that this authority stemmed from a limited but well-defined exception to the territorial limitation imposed on the courts of one state over the property of another state. This exception was defined thusly:

> A court of equity, having authority to act upon the person, may indirectly act upon real estate in another state, through the instrumentality of this authority over the person. Whatever it may do through the party, it may do to give effect to its decree respecting property, whether it goes to the entire disposition of it or only to affect it with liens or burdens. 30 S.Ct. 6.

The Court also stated that while a decree pursuant to such power was not legal title,

nor did it transfer legal title, obedience to it could be compelled by contempt, attachment, or sequestration.

Here, the Bourbon Circuit Court had personal jurisdiction over appellant. By virtue of this in personam jurisdiction, we are of the opinion that it had the authority and the power to indirectly affect the property by acting directly upon the person of Phyllis Becker in compelling her to convey a 60% interest in the property to Marion Becker.

The judgment is affirmed.

All concur.