Maynard **ARTHUR** (Oscar M. Arthur); **Lonnie Arthur and wife, Hazel Arthur, Appellants,**

v.

**Lois ARTHUR, Appellee.**

Court of Appeals of Kentucky.

Dec. 23, 1981.

Joe T. Roberts, London, for appellants.

Coleman D. Moberly, London, for appellee.

Before HAYES, C. J., and REYNOLDS and WILHOIT, JJ.

WILHOIT, Judge.

This appeal challenges a judgment of the Laurel Circuit Court which declared the appellee, Lois Arthur, to be the owner in fee simple of an eleven-acre tract of land in Laurel County; the judgment set aside as null and void a deed between the appellee's former husband, Maynard Arthur, and his brother, Lonnie Arthur, which purported to convey an individual one-half interest in the property.

On May 16, 1975, the Superior Court of Marion County, Indiana entered a decree dissolving the marriage of Lois and Maynard Arthur. As part of its decree, that court found

> that the one-half of said real estate [*i.e.,* the property in Laurel County] owned by Oscar M. Arthur ... should be subject to the payment of Fifty Dollars ($50.00) per week support for the one minor child of the parties to this action. Said one-half interest of Oscar M. Arthur should be determined to be of the value of Three Thousand Dollars ($3,000.00), and upon accumulation of back support in the amount of Three Thousand Dollars ($3,000.00) the said Oscar M. Arthur should be ordered to sign a Quitclaim Deed to the petitioner herein, Lois Arthur, and upon his failure to do so the Court should appoint a Commissioner to execute said Quitclaim Deed[.]

No allegation is made that the Indiana court lacked in personam jurisdiction over Maynard Arthur; apparently, he was at that time incarcerated in an Indiana penitentiary, serving a life sentence for murder, and he has since been transferred under a reciprocity agreement to the custody of the Kentucky Bureau of Corrections, where he now remains.

Upon Maynard Arthur's failure to make support payments, the accumulation of an arrearage of $3,000.00, and his failure to

convey his one-half interest to the appellee, the Indiana court, acting under the provisions of its decree of dissolution, appointed a commissioner to convey Maynard Arthur's one-half interest to the appellee. A deed to this effect was executed on August 9, 1976, and entered of record in Laurel County on September 16, 1976. However, by deed dated June 13, 1975, recorded August 27, 1975, Maynard Arthur had attempted to convey his interest to his brother, Lonnie.

As to a wife or child, a conveyance made to a purchaser with notice is void if made in fraud or hindrance of the right of the wife or child to maintenance. KRS 405.060. *See also* KRS 378.010. We perceive no error in the circuit court's findings that the deed between the brothers was made with the intent to defraud the appellee of her real estate and that the appellants made this deed with knowledge of a valid lien on the property for unpaid support of the appellee's minor child.

The appellant Lonnie Arthur was present at the dissolution hearing before the judge of the Indiana superior court at which the judge orally announced the terms that were subsequently set forth in the court's decree. In his depositions, this appellant admits his presence at the hearing, states that he heard other items covered by the decree, and acknowledges that he knew that his brother had no way of making support payments, but denies that the judge imposed a lien against the jointly-held property in Kentucky. The appellee, her minor son, her Indiana counsel, and even Lonnie Arthur's wife (all of whom were present at the hearing) depose that Lonnie Arthur was present at the hearing and that the judge announced that when Maynard Arthur's support arrearage totalled $3,000.00, the appellee would acquire his half interest in the Kentucky property. Lonnie Arthur argues that he heard nothing obligating the property for a delinquency in child support payments and that even if he had, he as a layman could not be chargeable with what had been uttered orally. With this position we cannot agree. There was sufficient evidence for the trial court to conclude that

this appellant knew or should have known the terms of the decree as they affected the property in question. "Knowledge which one has or ought to have under the circumstances is imputed to him. . . . A person has no right to shut his eyes or his ears to avoid information and then say that he had no notice[.]" 58 Am.Jur.2d *Notice* § 8, at 491–92 (1971).

The appellants further argue that there was in fact no lien created by the Indiana judgment. Their detailed analysis of various Kentucky statutory liens has no relevancy here because we are dealing with a judicially-created obligation imposed by a court of equity. A number of Kentucky cases have sanctioned the use of a lien to secure payment of obligations arising from a decree of dissolution, *see, e.g., Davis v. Davis*, Ky., 347 S.W.2d 534 (1961); *Sevier v. Sevier*, Ky., 280 S.W.2d 526 (1955), and the use of such a procedure appears to be a common practice throughout the several States of the Union. *See* Annot., 59 A.L. R.2d 656 (1958). Indiana law is apparently not unlike our own in this respect, *see Baxter v. Baxter*, 138 Ind.App. 24, 195 N.E.2d 877 (1964), and in any event the appellant Maynard Arthur did not seek appellate review of the Indiana decree. We are aware of no authority, and the appellants have cited none, that requires that the word "lien" be used to create a lien. Certainly it was clear to the individuals present at the dissolution hearing what the Indiana court's intention was, and this is equally clear in the written decree of that court. The circuit court did not err in finding that a lien was created, at least insofar as the parties hereto are concerned.

The deed by a commissioner of an Indiana court, acting under the authority of that court, was totally ineffective to convey property in this Commonwealth, *Fall v. Eastin*, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65 (1909), and the circuit court erred in adjudging that the appellee had acquired title in fee simple through an Indiana commissioner's deed. "[C]ourts of one State are completely without jurisdiction directly to affect title to land in other States." *Dur-*

*fee v. Duke*, 375 U.S. 106, 115, 84 S.Ct. 242, 11 L.Ed.2d 186, 193 (1963). The appellee misreads the holding in *Becker v. Becker*, Ky.App., 576 S.W.2d 255 (1979). In that case, this Court held only that under *Fall v. Eastin,* supra, a Kentucky court with in personam jurisdiction over a party to a dissolution proceeding could compel that party to convey real property in another state; we did not hold, nor could we, that a Kentucky court can act by decree or through a commissioner's deed to convey directly real property not within the boundaries of this Commonwealth.

▓▓▓▓ The Indiana decree operated to impose a personal obligation on the part of Maynard Arthur to convey his interest in the Kentucky property when the arrearage in his child support payments accumulated to the amount at which the court had valued the property. A court of our sister state could certainly have taken action to compel conveyance while Maynard Arthur remained subject to its jurisdiction. *Fall v. Eastin, supra.* While an extraterritorial judicial attempt to convey real property within our Commonwealth is not entitled to be accorded full faith and credit by our courts, we believe that a Kentucky court should

look to the decree of the Indiana court dissolving the marriage of Maynard and Lois Arthur and enforce the equities growing out of that decree. *Page v. McKee*, 66 Ky. (3 Bush) 135 (1867). *Accord,* Restatement (Second) of Conflict of Laws § 102, Comment d (1971).[1] *See also* Annot., 34 A.L.R.3d 962, § 4[c] (1970).

To the extent that the circuit court declared the deed from Maynard Arthur to Lonnie Arthur null and void, its judgment is affirmed. The remainder of the judgment is reversed with directions that the circuit court declare the deed between the commissioner of the Marion County (Indiana) Superior Court and Lois Arthur null and void and consider whether the equities warrant conveyance of the property in question to Lois Arthur by a commissioner of the Laurel Circuit Court.

All concur.

1. Restatement (Second) of Conflict of Laws § 102 (1971) reads:

A valid judgment that orders the doing of an act other than the payment of money, or that enjoins the doing of an act, may be enforced, or be the subject of remedies, in other states.