Allen, J.
 

 Throughout this opinion, the defendant in error will be called the defendant.
 

 
 *421
 
 It is contended by the state that the reversal of judgment by the Court of Appeals was erroneous, first, because the defendant had waived his right to object to the proceedings by not filing a plea in abatement; second, because the jurisdiction of the juvenile court is not exclusive over minors charged with felony. We agree with the state in both of these contentions.
 

 In the trial court, the defendant attacked the record on the ground of an alleged defect therein existing. This defect had to be shown by a fact extrinsic to the record, -namely, the defendant’s minority.
 

 Under Section 13622, General Code, the proper method to raise this objection was by a plea in abatement. Instead of filing a plea in abatement the defendant pleaded not guilty. Section 13625, General Code, provides that the accused by demurring to an indictment, or pleading in bar, or the general issue, shall be taken to have waived all defects which may be excepted to by a motion to quash or plea in abatement. This rule has been construed and upheld in a number of authorities with regard to the motion to quash, the latest of which is
 
 State
 
 v.
 
 Schultz,
 
 96 Ohio St., 114, 117 N. E., 30, holding that by demurring, pleading in bar, or by pleading to the general issue, the defendant in a criminal cause is held to have waived the defects which might be taken advantage of by motion to quash. The reasoning in those authorities certainly applies to pleas in abatement. However, no ease has been cited from this jurisdiction in which it has been held that this rule applies to a minor charged with crime, even though represent
 
 *422
 
 ed, as in this case, by an attorney, and therefore defendant claims that the rule should not apply.
 

 It is true that the general doctrine is broadly stated to be that a waiver made by an infant will be considered void. 40 Cyc., 267;
 
 Booth
 
 v.
 
 Goodwin,
 
 29 Ark., 633. However, the authorities that we have found in favor of this rule arise only in civil actions. On the other hand, even in civil cases there is authority to the effect that an infant must object to the jurisdiction of the courts in the same way and at the same time as adults. 31 Corpus Juris, 1160.
 
 Boyd
 
 v.
 
 Martin,
 
 9 Heisk. (56 Tenn.), 382. No decision has been cited to the effect that an infant cannot waive his procedural rights in the conduct of a criminal case.
 

 No authority upon this precise point exists in the state of Ohio, and the question therefore is open here. The argument of the defendant is that, as waiver arises out of the intentional relinquishment of a known right, the infant, who, it is claimed, cannot understand and appreciate to the same extent as an adult the meaning of legal steps taken or omitted in his behalf, cannot waive his rights in a criminal cause. However, some minors understand and appreciate better than some adults charged with crime, the meaning of legal procedure in their own cases. It is unsafe to depend upon such a generalization in deciding this point. Moreover, the criminal statutes in certain respects deal with the minor as if he were
 
 sm juris.
 
 For example, the right to waive defects which might be excepted to by motion
 
 to
 
 quash, or by plea in abatement, is not to be compared in its importance with the far-reaching power exercised by the infant
 
 *423
 
 when he pleads guilty to a felony, as he is permitted to do under Ohio statutes and under the general law.
 
 Taylor
 
 v. Means, 139 Ga., 578, 77 S. E., 373; 2 Bishop’s Criminal Procedure (2d Ed.), Section 959‘c; 31 0. J., 1096. ¡Since the statute upon waiver, above cited (General Code, Section 13625), makes no exception in the case of infants, and no case has been cited in support .of the proposition, we hold that the state is correct in its contention that the defendant waived his right to question the jurisdiction of the court on the ground of his minority when he failed to file a plea in abatement.
 

 Were the proceedings invalid because the grand jury indicted the defendant upon a charge different from that filed in the mayor’s court? The charge there preferred and transferred to the juvenile court was that of larceny. The defendant was in-dieted in the Court of common pleas upon a charge of operating a motor vehicle without the consent of the owner.
 

 The defendant argues that the jurisdiction of the juvenile court is exclusive and hence that when he was handed over to the court of common pleas the indictment had to be returned upon the identical charge set up on the complaint filed in the juvenile court, and upon no other.
 

 The jurisdiction of the juvenile court is set forth in Section 1683-1, General Code, the first sentence of which reads:
 

 “The judge designated to transact the business arising under the jurisdiction conferred in this chapter shall have jurisdiction of all misdemeanors against minors, and of offenses prescribed in sections nine hundred and twenty-eight, six thousand
 
 *424
 
 three hundred and forty-four, six thousand three hundred and forty-five, six thousand three hundred and seventy-three, twelve thousand six hundred and sixty-four, twelve thousand six hundred and sixty-six, twelve thousand seven hundred and eighty-seven, thirteen thousand and thirty-one, thirteen thousand and thirty-five, and thirteen thousand and thirty-eight. ’ ’
 

 The crimes of larceny (Section 12447, General Code) and stealing or operating a motor vehicle against the will of the owner (Section 12619, General Code) are not included in the offenses described in Section 1683-1, and therefore the judge of the juvenile court is not even given specific jurisdiction, much less exclusive jurisdiction, over these two particular crimes, including the one for which the defendant was indicted. However, in the sense that violation of law by a minor constitutes delinquency, as defined in Section 1644, General Code, the juvenile court has jurisdiction of any crime committed by an infant. The question here is whether the juvenile court has exclusive jurisdiction. It is contended that in creating the juvenile court the Legislature had in view the evil effects resulting from herding together juvenile and adult offenders, and hence by inference gave the juvenile court exclusive jurisdiction over all cases of minor delinquents, so that, even after transfer to the court of common pleas, the minor cannot be indicted upon any charge different from that preferred in the juvenile court. The Court of Appeals probably had this consideration in mind when it reversed the conviction in the court of common pleas, holding that the court of common pleas and
 
 *425
 
 grand jury are limited to the exact charge preferred in the juvenile court.
 

 We cannot concur with the contention of the defendant in this matter. When the case was transferred to the court of common pleas, under Section 1681, General Code, that court took jurisdiction rightfully' for all purposes. The whole matter in its broadest aspect was then before the court for action.
 

 This conclusion is made inevitable by the express terms of Sections 1639 and 1681, General 'Code, which are as follows:
 

 Section 1639. “Courts of common pleas, probate courts, and insolvency courts and superior courts, where established shall have and exercise, concurrently, the powers and jurisdiction conferred in this chapter.” (The chapter in which this section occurs is the chapter upon the juvenile court.)
 

 Section 1681: “When any information or complaint shall be filed against a delinquent child under these provisions, charging him with felony, the judge may order such child to enter into recognizance, with good and sufficient surety, in such amount as he deems reasonable, for his appearance before the court of common pleas at the next term thereof. The same proceedings shall be had thereafter upon such complaint as now authorized by law for the indictment, trial, judgment and sentence of any other person charged with felony.”
 

 Now graud juries have plenary and inquisitorial powers and may lawfully upon their own motion originate charges against offenders. 28 Corpus Juris, 798, note 97 and cases cited.
 

 
 *426
 
 This is specifically provided in this state by Section 13559', General Code, which reads:
 

 “After the charge of the court, the grand jury shall retire, with the officer appointed to attend it, and proceed to inquire of and present all offenses committed within the county in and for which it was impaneled and sworn.”
 

 In any case which comes before the grand jury in Ohio upon a charge preferred in police court, the grand jury is empowered to return an indictment according to the facts in evidence, even though it differs from the original charge. It may, in fact, indict originally without charge being made in an inferior court. Therefore, when the case was properly transferred from the juvenile court, the grand jury acted under Section 1681, General Code, and took “the same proceedings # # * as now authorized by law for the indictment, trial, judgment and sentence of any other person charged with felony” when it changed the charge from larceny to operating a motor vehicle against the consent of the owner. In other words, the transfer from the juvenile court merely invoked the action by the grand jury, leaving that body free to return any indictment which conformed to the facts submitted to it in evidence.
 

 For the above reasons, the judgment of the Court of Appeals is reversed, and that of the common pleas affirmed.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Matthias, Day and Kinkade, JJ., concur.
 

 Robinson, J., concurs in proposition 2 of the syllabus and in the judgment.