The State of Ohio et al. *v.* Peterson.

[Cite as State v. Peterson, 9 Ohio Misc. 154.]

(Nos. T 61544, T 61545—Decided December 29, 1966.)

Cincinnati Municipal Court.

*Mr. Donald E. Hardin,* asst. city prosecutor, for state of Ohio and city of Cincinnati.

*Mr. James J. Geygan,* for defendant.

Keefe, J. A Cincinnati police officer charged the defendant with driving an automobile without an operator's license in violation of Section 4507.02, Revised Code, and with driving through a red traffic light in violation of a Cincinnati ordinance. Both are misdemeanors.

Some days after she was cited by the police officer, she appeared in Cincinnati Traffic Court, on the 13th day of December, and pleaded guilty to both charges. She was sentenced to pay a fine of $100.00 and costs on the operator's license conviction and her rights to drive were suspended for ninety days. She was also required to pay a fine of five dollars and costs on the red traffic light violation.

This matter is now before me on motions for a new trial. Having pleaded guilty to the charges, actually defendant is not entitled to have these motions considered.

"A plea of guilty constitutes a waiver of trial and precludes the defendant from making a motion for a new trial." 15 Ohio Jurisprudence 2d, page 407, Criminal Law.

However, assume only for the sake of argument that the

defendant had pleaded not guilty and so is entitled to make a motion for a new trial. The essence of the motions before us is that the Municipal Court lacked jurisdiction to try the defendant because she is a minor, seventeen years of age. At the trial there was nothing about her appearance which in any way suggested minority and she said nothing about being under eighteen years of age.

The motions for a new trial formally raise, for the first time, the subject of defendant's minority. I say formally because, following trial and sentence, defendant and her mother informally brought to the attention of the office of the city prosecutor the defendant's minority. They were instructed by the prosecutor's staff that the matter would have to be brought before the court in an official manner. Subsequently motions for a new trial were filed by an attorney. Defendant was not represented at the trial.

According to a staff member of the city prosecutor's office, although his statement is no proper part of the official record, the defendant explained in his presence that she did not raise the issue of her minority at the trial because she believed there would be a light penalty which she would take care of and the matter be terminated. When she received a penalty greater than anticipated, she decided to say something about her age.

At the hearing on the motions, the police officer testified that when he apprehended the defendant after seeing her drive through a red traffic light she gave him a false birth certificate showing her to be twenty years of age and she also told him she was twenty.

Jurisdiction of the subject matter is not questioned. The Municipal Court clearly had jurisdiction of the subject matter. So far as jurisdiction of the person is concerned, it must be raised at the earliest opportunity or it is waived. 15 Ohio Jurisprudence 2d, page 363, Criminal Law. And in Ohio this waiver operates for juveniles as well as adults. *State* v. *Klingenberger*, 113 Ohio St. 418. In this case, the Supreme Court of Ohio states:

"The argument of the defendant is that, as waiver arises out of the intentional relinquishment of a known right, the infant, who, it is claimed, cannot understand and appreciate to

the same extent as an adult the meaning of legal steps taken or omitted in his behalf, cannot waive his rights in a criminal case. However, some minors understand and appreciate better than some adults charged with crime, the meaning of legal procedure in their own cases. * * * We hold that the state is correct in its contention that the defendant waived his right to question the jurisdiction of the court on the ground of his minority when he failed to file a plea in abatement."

The opinion in the *Klingenberger case* was written in 1925. This court believes that minors are even more knowledgeable and sophisticated today than forty years ago.

In the *Klingenberger case*, the minor was charged with a felony and was held to have waived his right to object to the jurisdiction of the court over his person. *Klingenberger* certainly applies with equal force to misdemeanor charges such as we have here.

The Court of Appeals for Franklin County in 1959, in the case of *Mellott* v. *Alvis*, 109 Ohio App. 486, cited *Klingenberger* with approval and stated:

"The law has usually seen fit to protect the juvenile's rights; but apparently the juvenile, like other individuals, can waive his rights; and where the minor charged with a felony does not object to the jurisdiction of the Court of Common Pleas on the ground of his minority by raising that question before the trial court, he has lost his right to object after sentence by that court."

Attention is also directed to *Akers* v. *State*, 8 Ohio Law Abs. 106, decided by the Cuyahoga Court of Appeals, which further fully supports my decision in this case.

The Court of Criminal Appeals of Texas in the case of *Valdez* v. *State*, 265 S. W. 161, has said:

"In the absence of some fraud perpetrated against him we hold that ordinarily the question of juvenility cannot be raised for the first time in a motion for a new trial."

Counsel for defendant calls attention to Sections 2151.25 and 2151.26, Revised Code, contending that they require me to grant these motions and transfer the cases to the Juvenile Court. Section 2151.25, Revised Code, states:

"When a child is arrested under any charge, complaint, affidavit, or indictment, whether for a felony or a misdemeanor,

such child shall be taken directly before the juvenile court. . . . And the case relating to such child shall thenceforth be within the exclusive jurisdiction of the juvenile court and shall be deemed to be upon a complaint filed in such court as fully as if the appearance of such child had been upon a complaint filed in and a citation or warrant of arrest originally issued by such court."

It is obvious that the procedure required by Section 2151.25, Revised Code, applies to fact situations in which the minority is discovered or disclosed prior to hearing or trial, and not as here when it is first suggested in motions for a new trial. Defendant lost her right to object to the jurisdiction of this court over her person by not raising her minority seasonably.

Section 2151.26, Revised Code, does not seem to apply since it is entitled "Child charged with felony." Defendant is charged with two misdemeanors.

There is no justification for a retrial here. At the beginning the defendant affirmatively misrepresented her age to the police officer and kept her true age a secret during the entire trial. There is no correct concept of justice which entitles a person under these circumstances formally to declare her guilt and gamble with fate in the expectation of a light sentence and then to demand another trial as her right when the sentence is greater than she expected.

A decision contrary to the one I have reached could well cause a high incidence of age misrepresentations with the deceitful party waiting to see how he fares in adult court before disclosing his minority. This not only is fraudulent but would be a ridiculous mockery of the courts.

The motions for a new trial are overruled. The defendant must satisfy all the penalties originally imposed.

*Motions overruled.*