HEMPHILL, APPELLANT, *v.* JOHNSON, APPELLEE.

[Cite as Hemphill v. Johnson (1972), 31 Ohio App. 2d 241.]

(No. 3883—Decided February 18, 1972.)

*Messrs. Rion, Rion, & Rion,* for appellant.
*Mr. Henry W. Phillips,* for appellee.

KERNS, J. On or about June 17, 1971, Bonita Hemphill, appellant herein, was tried by the Dayton Municipal Court on the charge of soliciting for purposes of prostitution. She was found guilty and sentenced to the Dayton Rehabilitation Center.

At the time of trial, Miss Hemphill was seventeen years of age. She was represented by counsel, but did not testify at the trial.

On October 29, 1971, a petition for a writ of habeas corpus was filed in the Court of Common Pleas of Montgomery County claiming that the judgment and sentence of the Dayton Municipal Court was void because the Montgomery County Juvenile Court had exclusive jurisdiction of her until she was eighteen years of age.

The record fails to disclose whether anyone except the petitioner knew her age at the time of trial in Municipal Court, but she did acknowledge, in the present proceeding, that she had a "distaste" for the juvenile detention center.

The Dayton Municipal Court clearly had jurisdiction of the subject matter of the action. Hence, the only question of any substance in this appeal is whether a juvenile can waive personal jurisdiction.

With reference to this question, the Supreme Court of Ohio, in *State* v. *Klingenberger*, 113 Ohio St. 418, 422, 423, said:

"* * * The argument of the defendant is that, as waiver arises out of the intentional relinquishment of a known right, the infant, who, it is claimed, cannot understand and appreciate to the same extent as an adult the meaning of legal steps taken or omitted in his behalf, cannot waive his rights in a criminal cause. However, some minors understand and appreciate better than some adults charged with crime, the meaning of legal procedure in their own cases. It is unsafe to depend upon such a generalization in deciding this point. Moreover, the criminal statutes in certain respects deal with the minor as if he were *sui juris*. For example, the right to waive defects which might be excepted to by motion to quash, or by plea in abatement, is not to be compared in its importance with the far-reaching power exercised by the infant when he pleads guilty to a felony, as he is permitted to do under Ohio statutes and under the general law. * * * [W]e hold that the state is correct in its contention that the defendant waived his right to question the jurisdiction of the court on the ground of his minority when he failed to file a plea in abatement."

The rationale of the *Klingenberger* case was adopted and approved in *Mellott* v. *Alvis*, 109 Ohio App. 486 and in *State* v. *Peterson*, 9 Ohio Misc. 154. See, also, *Harris* v. *Alvis*, 61 Ohio Law Abs. 311; *Ex Parte Pharr*, 10 Ohio App. 395; *Akers* v *State*, 8 Ohio Law Abs. 106.

The observation of Judge Allen almost fifty years ago in *Klingenberger* that "some minors understand and appreciate better than some adults charged with crime the meaning of legal procedure in their own cases" appears almost prophetic today. Juveniles are not only more numerous, but they are also more sophisticated, and many of them would much prefer the finality of Municipal Court,

especially in traffic cases, to the rehabilitating processes of the Juvenile Court. However, any such tampering with the orderly administration of justice does not furnish a reasonable basis for a replay in another forum, if the initial sentence proves to be greater than expected.

The law is solicitous of the rights of juvenile offenders, and there may be cases where juveniles are honestly mislead into adult criminal courts. The trial court found from the evidence that this is not such a case, and the law applies no sanctions to passive misrepresentation.

The judgment will be affirmed.

*Judgment affirmed.*

SHERER, P. J., and CRAWFORD, J., concur.