F. Ross Vogelgesang, Administrator of the Division of Planning and Zoning, Susie Shively, Finis Shively, and the Northwest Civic Association, (A Not For Profit Indiana Corporation), *v.* The Metropolitan Board of Zoning Appeals, Division No. 1, Henry S. Kelly and Milton O'Banion.

[No. 1271A271. Filed August 15, 1973. Rehearing denied September 18, 1973. Transfer denied February 21, 1974.]

*Nelson G. Grills,* of Indianapolis, *Gary R. Landau,* Corporation Counsel, *Arthur H. Northrup,* Deputy Corporation Counsel, of Indianapolis, for appellant.

*John Moss, Mercer Mance,* of Indianapolis, for appellees.

White, J.—This case is a sequel to *O'Banion* v. *State ex rel. Shively* (1969), 146 Ind. App. 223, 253 N.E.2d 739, 20 Ind. Dec. 21, in which the Appellate Court affirmed a judgment enjoining operation of a liquor store at the northwest corner of the intersection of Clifton Street and West Thirty-Fourth Street in the city of Indianapolis. The injunction had been issued because (among other reasons) the proprietors had not obtained proper authority from the Metropolitan Board

of Zoning Appeals as required by the Indianapolis Permissive Use Ordinance 64-1954.

The case at bar began when, thereafter, appellee Kelly, the liquor store operator, with the written consent of Mr. and Mrs. O'Banion, owners of the store building (appellants in the prior case), applied to the Metropolitan Board of Zoning Appeals for authority to operate the store. The Board held a hearing and granted the authority over the remonstrance of the Northwest Civic Association and nearby property owners, some of whom had been relators in the prior case. Those remonstrators and Mr. Vogelgesang, Administrator of the Planning and Zoning Division, obtained judicial review of the Board's decision by certiorari in the Superior Court of Marion County, Room Four. That court upheld the Board's grant of authority. The Administrator and remonstrators have appealed the court's judgment, contending, in substance, that the evidence before the Board, and the Board's findings, were not sufficient to sustain its decision.

Trial Rule 52 (A) provides in pertinent part:

"The court shall make special findings of fact without request
"(1) . . .;
"(2) in any review of actions of an administrative agency;
. . .
"(3) . . . .
". . . the court on appeal shall not set aside the findings or judgment unless clearly erroneous."

Trial Rules 52 (B) and 59 (E) (4) provide for the correction of erroneous, incomplete, and inadequate findings on motion to correct errors and for correction of judgments "inconsistent with the special findings of fact required by this rule". (TR. 52 (B) (4).)

The trial court made findings of fact (to which appellants made no specific objection in their motion to correct errors) in which it recited the filing of the "petition . . . for a variance

or permissive use", the owners consent, the notice, hearing, and unanimous vote "to grant these respondents' petition for a variance". And, further:

"4.

"Evidence was introduced and presented to the Metropolitan Board of Zoning Appeals, Division No. 1, by and on behalf of the respondents, Henry S. Kelly and Milton O'Banion, in support of their petition for the grant of the variance or permissive use sought by their petition, which evidence was sufficient to sustain the finding of said board and the granting by said board of said respondents petition for a variance for the operation of a Package Liquor Store in the existing building in question, which building and land thereon situated was at the time of the request for said variance classified under the Marion County Comprehensive Master Plan as Class U-3."

Findings 5 and 6 recited the filing of the petition for certiorari and issuance of the writ. The last finding was No. 7 which recited:

"7.

"That the Court further finds that there is nothing in the record to show that the Metropolitan Board of Zoning Appeals, Division No. 1, in granting said variance or permissive use to the respondents, Henry S. Kelly and Milton O'Banion, to show that said Board acted arbitrarily, capriciously, fraudulently or illegally."

It is to be noted that the court below did not find that the board's findings were sufficient to sustain or justify its grant of either a variance or a "permissive use" (i.e., exception). Instead, it found that the evidence before the board "was sufficient to sustain the finding of said board and the granting by said board of respondents petition for a variance".

Upon the facts it found, the court reached these conclusions of law:

## "CONCLUSION OF LAW

### "1.

"The finding of the administrative agency in this case should not be disturbed where it appears that said agency did not act arbitrarily, capriciously, fraudulently, or illegally.

### "2.

"That the granting of the variance or permissive use by the Metropolitan Board of Zoning Appeals Division No. 1, was not illegal, capricious, fraudulent or arbitrary, and the decision of the Metropolitan Board of Zoning Appeals, Division No. 1 is wholly affirmed, and the petition for a variance or permissive use is granted, and judgment is entered accordingly."

At the outset we must address ourselves to the confusion relating to whether the authority applied for and granted is a "variance" or an "exception" (which the parties have referred to as a "permissive use"). The confusion arises out of the fact that in the so-called Permissive Use Ordinance 64-1954 (see *O'Banion* v. *State, supra,* 146 Ind. App. at 225) which is still applicable to the Zone U-3 location here involved,[1] use of land for operation of a liquor store is a conditional permitted use, the condition being stated in the ordinance as follows:

"In a class U-3, or business district, a building . . . may, however, be . . . used . . . for any of the following enumerated uses when on a lot determined by the board of zoning appeals, after public notice and hearing, to be so located that such . . . use will, in the judgment of said board, substantially serve the public convenience and welfare,

---

1. The transcript of the proceedings before the Zoning Board contains statements to the effect that since the injunction was tried the "Metropolitan Comprehensive Plan" had been revised and, save for the four corners of the intersection where the subject liquor store is located, all former U-3 districts are now C-3 districts. In C-3 districts package liquor store use is no longer conditional. Thus the intersection in question is the only district zoned for business in which action by the Board of Zoning Appeals is necessary to make operation of a liquor store legal (so the record tells us).

and will not substantially or permanently injure the appropriate use of the neighboring property."[2]

One of the "uses" which is enumerated immediately following this ordinance provision is

"stores where beer, wine or liquors are sold in package".

The statute which governed the granting of variances when this case was before the board, Ind. Ann. Stat. § 53-969 (Burns 1971 Supp.), Ind. Acts 1955, Ch. 283, § 69, as last amended by Ind. Acts 1969, Ch. 299, § 8[3] required the zoning board, before it could grant a variance, to determine that:

"1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.

"2. The use or value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner.

---

2. The statutory authority for this ordinance provision is obviously clause 2 of Ind. Ann. Stat. § 53-968 (Burns 1964 Repl.) Ind. Acts 1955, Ch. 283, § 68, as last amended by Ind. Acts 1969, Ch. 299, § 7, IC 1971, 18-7-2-70, which authorizes boards of zoning appeals to:

\* \* \*

"2. Hear and decide special exceptions to the terms of any zoning ordinance . . . where a board of zoning appeals is authorized by such ordinance to permit exceptions."

"The office of the true exception in the context of zoning is to establish within the ordinance conditionally permitted uses. In other words, where a use is sought that is conditionally permitted, sec 92 of the ordinance requires proof that the public welfare and convenience will be substantially served or that the appropriate use of neighboring property will not be substantially injured as a condition precedent to the grant of a conditionally permitted use." *Westminster Corp.* v. *Zoning Bd. of Review of City of Providence* (1968), 238 A.2d 353, 359, 103 R.I. 381, 27 A.L.R.3d 1285, 1296.

"An 'exception' in zoning ordinance is one allowable where facts and conditions detailed in ordinance, as those upon which an exception may be permitted are found to exist, and differs from 'variance' authorized by ordinance where literal enforcement thereof would result in unnecessary hardship. Lukens v. Zoning Bd. of Adjustment of Ridley Tp., Del. County, 80 A.2d 765, 767, 367 Pa. 608." 15A WORDS AND PHRASES, 1972 Cum. Pocket Part, 15.

3. This statute has since been amended by 1972, P.L. 139, § 4, and, as so amended, is published in Burns 1972 Supp. The 1972 amendment does not affect the provisions applicable to this case.

"3. The need for the variance arises from some condition peculiar to the property involved and such condition is not due to the general conditions of the neighborhood.

"4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which the variance is sought.

"5. The grant of the variance does not interfere substantially with the metropolitan comprehensive plan adopted pursuant to sections 31 through 37 of this chapter."

At the conclusion of the hearing before the board one of its members asked whether this was a "permissive use variance". The "off-the-top-of-my-head opinion" of the board's attorney was that a "permissive use" was involved. The parties and the board seem to have agreed that the board was to vote on whether to grant a "permissive use", i.e., an *exception*, rather than a *variance*. Nevertheless, the board members voted on ballot forms which stated they were granting a variance and they signed a finding of facts which included the five variance determinants supported by more specific findings (in an apparent attempt to comply with the requirements of *Carlton* v. *Board* [1969], 252 Ind. 56, 66, 245 N.E.2d 337, 344).

Appellants have not questioned the legal power of the board of zoning appeals to authorize the liquor store either by granting a variance or by granting an exception. If, therefore, the board's action is based on findings and evidence sufficient to sustain the granting of a variance it must be affirmed regardless of whether we consider a variance appropriate. The same is true if the findings and evidence sustain the action as the grant of an exception.

The findings made by the board are as follows:

"1. THE GRANT OF THE VARIANCE *WILL NOT BE* ☒ *WILL BE* ☐ INJURIOUS TO THE PUBLIC HEALTH, SAFETY, MORALS, AND GENERAL WELFARE OF THE COMMUNITY because: the proposed use does not involve noxious activity, air pollution or traffic congestion.

"2. THE USE OR VALUE OF THE AREA ADJACENT TO THE PROPERTY INCLUDED IN THE VARIANCE *WILL NOT BE* ☒ *WILL BE* ☐ AFFECTED IN A SUBSTANTIALLY ADVERSE MANNER because: the existing commercial structure has been used for commercial purposes for sixteen (16) years selling alcoholic beverages in a grocery store. The area is commercial in nature on three of the four corners, and the proposed use is consistent and compatible to surrounding commercial uses.

"3. THE NEED FOR THE VARIANCE *ARISES* ☒ *DOES NOT ARISE* ☐ FROM SOME CONDITION PECULIAR TO THE PROPERTY, AND SUCH CONDITION *IS NOT* ☒ *IS* ☐ DUE TO THE GENERAL CONDITIONS OF THE NEIGHBORHOOD because: the property is presently zoned U-3, permitting commercial use but requiring permission to sell alcoholic beverages. The property has been used for similar commercial purposes for years, is strictly commercial in nature, and unsuitable for other use.

"4. THE STRICT APPLICATION OF THE TERMS OF THE ORDINANCE *WILL CONSTITUTE* ☒ *WILL NOT CONSTITUTE* ☐ AN UNUSUAL AND UNNECESSARY HARDSHIP IF APPLIED TO THE PROPERTY FOR WHICH THE VARIANCE IS SOUGHT because: the property is zoned U-3, which requires special permission for sale of alcoholic beverages, which would not be required if the property were zoned under the compatible C-type classification presently used for commercial uses.

"5. THE GRANT OF THE VARIANCE *DOES NOT* ☒ *DOES* ☐ INTERFERE SUBSTANTIALLY WITH THE METROPOLITAN COMPREHENSIVE PLAN because: as evidenced by the failure of the Staff of the Metropolitan Department of Development to object to said use, thereby evidencing their approval."

Our first consideration is whether each of the "specific" findings is sufficient to justify the ultimate determination which it purports to sustain. Our first impression is that several of the findings lack the specificity necessary to serve the purpose for which the Supreme Court in *Carlton* v. *Board, supra,* required specific findings. See *Transport Motor Express* v. *Smith* (1972), Ind. App., 289 N.E.2d 737, 34 Ind. Dec. 42. But since no one has attacked the findings on that

ground we will confine our opinion to the questions argued by appellants.

Appellants' most persuasive arguments relate to findings supporting determinants No. 3 and No. 4.

Finding No. 3 is that:

"The property is presently zoned U-3, permitting commercial use but requiring permission to sell alcoholic beverages [and] [t]he property has been used for similar commercial purposes for years, is strictly commercial, in nature and unsuitable for other use."

That finding, we agree, does not justify the board's conclusion that:

"3. The need for the variance arises from some condition peculiar to the property, and such condition is not due to the general conditions of the neighborhood."

At best, the specific finding would support a variance for a commercial or business use, but since the property is already so zoned the finding seems meaningless.

Finding No. 4 is:

"The property is zoned U-3, which requires special permission for sale of alcoholic beverages, which would not be required if the property were zoned under compatible C-type classification, presently used for commercial uses."

That finding suggests some possible unfairness on the part of the planners who classified this property U-3 while similar properties have a classification requiring no special permission (i.e., "exception") for the sale of alcoholic beverages. Yet the finding fails to demonstrate any hardship, since it does not find that use of the property for some business not requiring an exception is impractical or nonfeasible. On the contrary, the legal conclusion which this "finding" expresses supports only the notion that the board's inquiry should have been directed towards determining

whether the criteria requisite to granting an exception had been proven.

For the reasons stated the board's decision is not sustainable as the grant of a variance.

Neither is it sustainable as the grant of an exception ("permissible use") because there has been no attempt by the board to make the determinations necessary to such a grant (i.e., that such use (1) will substantially serve the public convenience and welfare and (2) will not substantially or permanently injure the appropriate use of the neighboring property). Neither has the Board found specific facts which imply those necessary determinations of ultimate fact.

Appellees have attempted to defeat this appeal by asserting in their brief that the trial court erred in overruling their motion to dismiss appellant's petition for writ of certiorari. Their only attempt to assign that ruling as cross-error was to sub-caption the portion of their brief which argues it, as follows:

"A. APPELLEES HEREBY ASSIGN THE DENIAL OF THEIR MOTION TO DISMISS BY THE TRIAL COURT AS *CROSS-ERROR.*"

It is a principle familiar to Indiana lawyers that trial court error, to be available on appeal, must first be called to the trial court's attention after verdict or decision. To that end Trial Rule 59 (G) makes the filing of a motion to correct errors a condition precedent to an appeal. Trial Rule 59 (D) also provides that opposing parties have fifteen days after service of the motion to correct errors in which to file cross-errors. Appellees do not claim that they did so, nor does the record show that they did. By failing to comply with the cross-error provisions of TR. 59 (D) appellees have forfeited their claim of error in the overruling of their motion to dismiss.[4]

4. *Baxter* v. *Baxter* (1964), 138 Ind. App. 24, 26, 195 N.E.2d 877, 878, 2 Ind. Dec. 663, 665; 1 Bobbitt, INDIANA APPELLATE PRACTICE AND PROCEDURE, Ch. 52, § 2, p. 518.

It was suggested in oral argument that appellees' trial court motion to dismiss was founded on want of jurisdiction which could be raised at any time in any manner. That is true of want of jurisdiction of the subject matter[5] but appellees' motion did not assert want of subject matter jurisdiction. At best they claimed want of jurisdiction over their persons or over this particular case, either of which may be waived.[6] The motion alleged that "jurisdiction of the Trial Court was never invoked as to them." (Appellees' Brief, p. 10.) The basis of that contention is the fact that the sheriff failed to serve on appellees the notice of the filing of the petition for the writ of certiorari until after the writ had been issued and the zoning board had filed its return. Appellees' brief fails to demonstrate that appellees were harmed by the claimed loss of opportunity to resist the issuance of the writ. They have failed to show that they had any grounds for such resistance or that, if they did have grounds, they could not have asserted them by way of a motion to quash the writ.

The judgment of the trial court is reversed and the cause is remanded with directions to the court to restate its findings consistent in all respects with the views expressed herein and to render judgment appropriate to and sustained by its restated findings.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 300 N.E.2d 101.

---

5. *Decatur County Rural Electric Membership Corporation* v. *Public Service Company* (1971), 150 Ind. App. 193, 275 N.E.2d 857, 860, 28 Ind. Dec. 128, 136.

6. *In re Sutherland's Estate* (1965), 246 Ind. 234, 236, 204 N.E.2d 520, 4 Ind. Dec. 579; *State ex rel.* v. *Marion Circuit Court* (1962), 242 Ind. 673, 676, 180 N.E.2d 240.