Nickie L. TWYMAN,
Petitioner-Appellant,

v.

STATE of Indiana, Respondent-Appellee.

No. 2–183A3.

Court of Appeals of Indiana,
First District.

Aug. 18, 1983.

Rehearing Denied Sept. 30, 1983.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Nickie L. Twyman appeals from the denial of his petition for post-conviction relief under Indiana Rules of Procedure, Post-Conviction Rule 1. We affirm.

## FACTS

In May of 1974, Nickie L. Twyman was arrested on a charge of robbery. An information was filed on May 15th charging William Twyman with the robbery. Nickie Twyman was in fact the person arrested on this charge. William is Nickie's brother who was then twenty years old. At the time, Nickie was three months short of seventeen. Nickie Twyman appeared in the Criminal Court of Marion County, Division Two, and pleaded not guilty. At no time did he reveal either his true age or identity to the court although he testified he told his lawyer. Later, pursuant to a plea agreement, the charge was reduced to assault and battery with intent to commit a felony,[1] and Nickie pleaded guilty on July 24, 1974, receiving an indeterminate sentence of one to ten years. At the guilty plea hearing, Nickie twice told the court he was twenty years old. At his sentencing hearing on July 29, 1974, Nickie stated, in response to the court's question, that he knew of no reason why the court should not enter

sentence on his guilty plea. Nickie's identity as the person who committed the offense clearly was established at the guilty plea hearing by the testimony of the victim and the arresting officers. Nickie served the sentence imposed.

In 1978, and again in 1980, Nickie was convicted of burglary. In the 1980 charge, an additional count charging him with being an habitual offender[2] was added and his sentence was enhanced by thirty years for a total sentence of forty years. The 1974 conviction is one of the underlying felonies supporting the habitual offender charge. He appealed the habitual offender determination challenging only the sufficiency of the evidence of identification of him as the same person as the William Twyman whose prior convictions were the basis for the habitual offender adjudication. Our supreme court affirmed. *Twyman v. State,* (1982) Ind., 431 N.E.2d 778.

Twyman then filed this petition for post-conviction relief on June 23, 1982, asserting for the first time his juvenile status in 1974, and attacking the 1974 conviction on the ground the court lacked jurisdiction to accept his guilty plea and to enter sentence. The state answered that Twyman's claim for post-conviction relief was barred by the failure to assert his claim from July 29, 1974, to the filing of the petition in June of 1982.

Following a hearing on the petition, the trial court entered its findings of fact and conclusions of law denying post-conviction relief on the ground that "[t]he issue raised by the Petitioner has been waived for purposes of Post-Conviction Relief under the doctrine of laches because the issue has been available to Petitioner since July 29, 1974." Record at 70.

## ISSUES

The issues in this case, which we have restated in the interests of clarity, are:

---

1. Ind.Code § 35–1–54–3 (Burns' Code Ed., since repealed) defines the offense of assault or assault and battery with intent to commit a felony and prescribes the penalty.

2. Ind.Code § 35–50–2–8 (Burns' 1979 Repl.).

1. Was Nickie Twyman's 1974 conviction void because the court lacked jurisdiction to accept the guilty plea and to impose sentence?

2. Did the court err in determining that Twyman had been guilty of laches thereby waiving the issue presented in this petition?

## DISCUSSION AND DECISION

*Issue One*

Twyman argues that because of his juvenile status and lack of a waiver from juvenile court in July 1974, the Criminal Court of Marion County lacked subject matter jurisdiction to accept his guilty plea and to enter sentence. Thus he contends his 1974 conviction is void and cannot form the basis for his enhanced sentence as an habitual offender.

■ If the jurisdictional problem posed by Twyman is one of lack of subject matter jurisdiction, we agree that subject matter jurisdiction cannot be conferred by consent, agreement, waiver, fraud, or laches. To resolve this problem we first must examine the basic concept of jurisdiction and its elements. Then we must consider the effect, if any, of Twyman's misrepresentation of his age and of his delay in asserting his true age.

■ Jurisdiction is the legal power to entertain any matter or proceeding, and the power to act must be derived from the Constitution or from some statute. *Farley v. Farley*, (1973) 157 Ind.App. 385, 300 N.E.2d 375, *trans. denied* (1974). Jurisdiction, in this state, embraces three essential elements: (1) jurisdiction of the subject matter, (2) jurisdiction of the person, and (3) jurisdiction of the particular case. *State ex rel. Dean v. Tipton Circuit Court*, (1962) 242 Ind. 642, 181 N.E.2d 230; *State ex rel. Gilbert v. Circuit Court of Koscuisko County*, (1960) 241 Ind. 122, 170 N.E.2d 51; *Farley*. Subject matter jurisdiction concerns whether or not the particular court has jurisdiction over the general class of actions to which the particular case belongs. *Pund v. Pund*, (1976) 171 Ind.App. 347, 357 N.E.2d 257; *Brendanwood Neighborhood Associa-*

*tion, Inc. v. Common Council*, (1975) 167 Ind.App. 253, 338 N.E.2d 695, *trans. denied* (1976). Subject matter jurisdiction must be derived from the Constitution or a statute and cannot be conferred by the consent or agreement of the parties. *Carpenter v. State*, (1977) 266 Ind. 98, 360 N.E.2d 839; *City of Marion v. Antrobus*, (1983) Ind.App., 448 N.E.2d 325. Neither can an objection to subject matter jurisdiction be waived. *Carpenter; Shanholt v. State*, (1983) Ind.App., 448 N.E.2d 308 (transfer pending).

■ "Jurisdiction of the particular case refers to the right, authority and power to hear and determine a *specific* case within that class of cases over which a court has subject matter jurisdiction." *Antrobus*, 448 N.E.2d at 329. A court can have jurisdiction over an entire class of actions but not have jurisdiction over a particular case within that class because of the facts of that particular case. *Public Service Company of Indiana, Inc. v. Decatur County Rural Electric Membership Corp.*, (1977) 173 Ind. App. 198, 363 N.E.2d 995, *trans. denied*. Objections to the trial court's jurisdiction of the particular case may be waived by not raising them at the earliest opportunity. *Antrobus; Shanholt;* 7 I.L.E. *Courts* § 7 (1958).

■ Jurisdiction of the person refers to the particular parties who are brought before the court, and the right of that particular court to exercise jurisdiction over those parties. *Farley*. Objections to jurisdiction of the person may be waived by failure to assert them in a timely manner. *Vogelgesang v. Metropolitan Board of Zoning Appeals*, (1973) 157 Ind.App. 300, 300 N.E.2d 101, *trans. denied* (1974); Ind.Rules of Procedure, Trial Rule 12(H).

Having made these general observations concerning jurisdiction and its elements, we turn now to a determination of whether or not the criminal court, where there had been no waiver from the juvenile court, lacked subject matter jurisdiction in the 1974 charge against Twyman. Or, if there was a jurisdictional defect, was it merely lack of jurisdiction of the person or lack of

jurisdiction of the particular case. Inextricably interwoven into that determination is the effect, if any, of Twyman's deliberate misrepresentation of his age.

The applicable statutes in effect in 1974 provided that the juvenile court shall have exclusive original jurisdiction, absent waiver, in all cases in which a child was alleged to be delinquent. Ind.Code § 33–12–2–3 (Burns' Code Ed.1973, since repealed). A delinquent child was defined, *inter alia,* as a child under eighteen years of age who had committed an act which would be a crime not punishable by death or life imprisonment if committed by an adult. Ind.Code § 31–5–7–4 (Burns' Code Ed.1973, since repealed). This statute has been held to give exclusive jurisdiction to the juvenile court over all *persons* under eighteen except in certain specified cases not involved here. *Blackwell v. State,* (1970) 255 Ind. 100, 262 N.E.2d 632. It was further provided that, under certain circumstances, the juvenile court could "waive jurisdiction and order such *child* held for trial ... [in] the court which would have jurisdiction of such offense if committed by an adult." (Emphasis added.) Ind.Code § 31–5–7–14 (Burns' Code Ed.1973).³

Although our courts on occasion have used the term "subject matter jurisdiction" in reference to juveniles charged with crime in an adult court, *Blythe v. State,* (1978) 268 Ind. 97, 373 N.E.2d 1098; *Seay v. State,* (1975) 167 Ind.App. 22, 337 N.E.2d 489; a closer examination of the language employed by our supreme court in several cases leads to the conclusion that the problem is one of jurisdiction of the person rather than jurisdiction of the subject matter. For example, it has been held that a criminal court cannot obtain jurisdiction of a *juvenile offender* until there is a waiver from the juvenile court. *Hicks v. State,* (1967) 249 Ind. 24, 230 N.E.2d 757. "Before a criminal court can obtain jurisdiction over a *juvenile offender* charged with an act which would amount to a crime if committed by an adult, the juvenile court must

properly waive its exclusive jurisdiction *over the juvenile.*" (Emphasis added.) *Edwards v. State,* (1967) 250 Ind. 19, 22, 231 N.E.2d 20, 21, *reh. granted* as to sufficiency of waiver order, 250 Ind. 23, 234 N.E.2d 845 (1968). "The juvenile court's jurisdiction is exclusive with respect to *children* charged with crimes (citation omitted). Even if the court finds the prerequisites for waiver to exist ... it retains discretion to keep the *child* within the juvenile system." (Emphasis added.) *Trotter v. State,* (1981) Ind., 429 N.E.2d 637, 642. In a case involving the propriety of a waiver order, our supreme court stated that an improper waiver voids subsequent criminal action, but found the waiver proper. The court there stated that "[t]he juvenile waiver statute, Ind.Code § 31–5–7–14 (Burns 1979 Supp.), provides that the juvenile judge may waive *jurisdiction over a child* over fourteen years if the court finds [the relevant statutory prerequisites to exist.]" (Emphasis added). *Shepard v. State,* (1980) Ind., 404 N.E.2d 1, 3. The previously quoted language from *Blackwell* also supports the view that the question is one of jurisdiction of the person. That the issue involved is one of jurisdiction of the person was stated clearly by Justice Givan in his dissenting opinion in *State ex rel. Atkins v. Juvenile Court of Marion County,* (1969) 252 Ind. 237, 247, 247 N.E.2d 53, 58, where he stated:

"That portion of the statute giving exclusive jurisdiction to the juvenile court and requiring other courts with criminal jurisdiction to transfer the juvenile cases to the juvenile court is a transfer of *jurisdiction of the person* and thus a limitation on the court's right to try the juvenile for a crime without first sending the matter to the Juvenile Court." (Emphasis added.)

The majority in *Atkins* held that an indictment or affidavit in criminal court as to a juvenile is a nullity and "gives the criminal court no jurisdiction of the persons named therein or of the cause." *Atkins* at 252 Ind. at 243, 247 N.E.2d at 56. We think

---

**3.** All of the juvenile statutes referred to have been repealed and replaced. For current law concerning juveniles see Ind.Code § 31–6–2–1 *et seq.*

the language employed by the majority in *Atkins* refers not to subject matter jurisdiction but rather to jurisdiction of the person and jurisdiction of the particular case. Although we are inclined toward the view that the issue involved here is one of jurisdiction of the person, for purposes of this case it matters not whether it be jurisdiction of the person or of the particular case since objections to either may be waived.

■ We believe the Criminal Court of Marion County had subject matter jurisdiction both of robbery, the offense originally charged, and assault and battery with intent to commit a felony, the offense to which Twyman pleaded guilty and for which he was sentenced. That court may not have had jurisdiction of the person over Twyman or jurisdiction of the particular case, because of Twyman's juvenile status, but under the particular circumstances of this case and for reasons hereinafter stated, we believe any objection to the lack of either personal jurisdiction or jurisdiction over the particular case has been waived.[4]

■ Our next inquiry concerns the effect of Twyman's deliberate misrepresentation to the court that he was twenty years old. The only Indiana case which we have found dealing with misrepresentation of age is *Cummings v. State,* (1969) 252 Ind. 701, 251 N.E.2d 663. In *Cummings,* the appellant was sixteen. As our supreme court observed, "[t]he only claim that appellant was over eighteen years old was made by appellant herself to the probation officer and during trial when she represented herself to be twenty years old." 252 Ind. at 703–04, 251 N.E.2d 663. The trial court did not conduct any hearing as to her age. The court said further: "Since the appellant was under eighteen years of age and was not charged with a traffic or a capital offense, *she was not within the jurisdiction of the circuit court* ..." (Emphasis added)

252 Ind. at 704, 251 N.E.2d 663. "Since the circuit court did not have *jurisdiction of appellant* in this case the said trial court is ordered to grant appellant's belated motion for a new trial and to *transfer this cause* to the Juvenile Court ..." (Emphasis added) 252 Ind. at 707, 251 N.E.2d 663.

With regard to *Cummings,* first, we believe the emphasized portions of the foregoing quotations therefrom support our view that the age of the offender, whether juvenile or adult, affects jurisdiction of the person, or, at most jurisdiction of the particular case rather than jurisdiction of the subject matter. Second, *Cummings* is distinguishable because reasonably prompt action was taken to rectify the error in contrast to the eight year delay in this case.

Courts in other jurisdictions have held that a juvenile who deliberately misrepresents his age as being over the juvenile age waives his or her right to be treated as a juvenile. *Penn v. Peyton,* (W.D.Va.1967) 270 F.Supp. 981; *Smith v. State,* (Fla.App. 1977) 345 So.2d 1080; *People v. Henderson,* (1971) 2 Ill.App.3d 285, 276 N.E.2d 377; *State v. Peterson,* (1966) 9 Ohio Misc. 154, 223 N.E.2d 838; *Sheppard v. Rhay,* (1968) 73 Wash.2d 734, 440 P.2d 422; *Nelson v. Seattle Municipal Court,* (1981) 29 Wash. App. 7, 627 P.2d 157; *Cf. People v. Smith,* (1974) 59 Ill.2d 236, 319 N.E.2d 760 (where 16 year old defendant had misrepresented age to police and his true age was discovered immediately after entering guilty plea, trial court acted properly in vacating guilty plea and remanding case to juvenile court. But court approved the holding in *Henderson* that a deliberate misrepresentation of age and a failure to attempt to rectify for two months amounted to a waiver of rights as a juvenile.) *See also Forder v. State,* (Tex.Cr.App.1970) 456 S.W.2d 378, (Defendant told arresting officer he was 17, when in fact he was only 16, and confessed. Un-

---

4. *See Hemphill v. Johnson,* (1972) 31 Ohio App.2d 241, 287 N.E.2d 828, 829, involving a seventeen year old juvenile charged with prostitution. She appeared and was tried and convicted by the Dayton Municipal Court. She filed a *habeas corpus* action based upon the exclusive jurisdiction in juvenile court. In af-

firming the denial of her *habeas* petition, the court said: "The Dayton Municipal Court clearly had jurisdiction of the subject matter of the action. Hence, the only question of any substance in this appeal is whether a juvenile can waive personal jurisdiction."

der the circumstances, failure to take him before a juvenile court immediately upon arrest and failure to notify his mother before taking his confession was not reversible error.)

*Penn* is factually quite similar to this case. There, the defendant in a Virginia state court action told the police, his attorney, and the court that he was eighteen. In fact, he was three months short of seventeen. Six years later, he filed a state *habeas corpus* action, and upon denial, filed a federal *habeas* action seven years after his conviction. In the federal proceeding he contended he had been deprived of his constitutional rights by the failure to comply with juvenile law procedures. The federal court held he had waived his right to a juvenile investigation. The court observed that under Virginia law failure to conduct the statutory investigation (waiver proceedings) deprives the court of jurisdiction to try the defendant as an adult. But, the court noted, all the cases so holding dealt with situations where the court *knew* the defendant was under eighteen. In discussing the problem presented in *Penn,* the court stated:

> "Thus, if the trial court here had notice that petitioner was a minor, it is clear the trial court should not have tried petitioner as an adult without conducting the statutory investigation. But in the present case the trial court had no notice that petitioner was a minor, and had been misled by petitioner's assertion that he was 18 years of age.
>
> . . . .
>
> "This court feels that petitioner waived his right to the statutory investigation by misrepresenting to the trial court that he was 18 years of age. To hold otherwise would place an unconscionable burden on the state courts. To uphold petitioner's contention would require the state courts

to conduct an independent investigation to determine the true age of every defendant. Any minor defendant would be able to mislead a court and take his chances on being tried as an adult, and then if unsatisfied with the result, the minor defendant could assert his minority and have the conviction set aside. . . . In the present case . . . this court feels that petitioner waived his rights as a minor by misrepresenting his true age."

270 F.Supp. at 984–85.

In *Nelson,* a street-wise teenage prostitute deceived the court into believing she was over eighteen, received a suspended sentence, and later asserted her juvenile status when faced with probation revocation, a fact not unlike Twyman's assertion of juvenile status after being sentenced as an habitual offender.[5] The Washington Court of Appeals held she had waived her right to be treated as a juvenile, saying:

> "By her intentionally deceptive conduct, she avoided juvenile court where she would have been connected to her record there and treated accordingly. She opted instead to go to adult court where she received a deferred sentence. It was only when it appeared likely she would go to jail because of her probation violations that she claimed her rights as a juvenile. This the law will not countenance."

627 P.2d at 159.

The Illinois Court of Appeals in *Henderson* said that a "[d]efendant should not be allowed to take her chances in the Criminal Division, and upon an adverse outcome, demand reversal and a new trial in the Juvenile Court." 276 N.E.2d at 378. And, the Ohio court in *Peterson* observed that a contrary decision "could well cause a high incidence of age misrepresentations with the deceitful party waiting to see how he fares in adult court before disclosing his minority. This not only is fraudulent but would be a

---

**5.** We are cognizant that our courts apparently have recognized the right of a person charged with being an habitual offender to challenge the validity of the underlying felony convictions on constitutional grounds, *Hall v. State,* (1980) Ind., 405 N.E.2d 530; *Haynes v. State,* (1982) Ind.App., 436 N.E.2d 874, although some ques-

tion exists as to the precise method for doing so. *Haynes.* However, a person has no constitutional right to be tried as a juvenile at any age. *Broadway v. Beto,* (N.D.Tex.1971) 338 F.Supp. 827, *aff'd. sub nom. Broadway v. Texas,* 459 F.2d 483 (1972), *cert. denied* 409 U.S. 1012, 93 S.Ct. 454, 34 L.Ed.2d 307.

ridiculous mockery of the courts." 223 N.E.2d at 840.

Thus, we believe that it would be a mockery of the courts and our judicial system if Twyman, who deliberately deceived the criminal court as to his age and accepted the benefit of a plea bargain substantially reducing the charge, were allowed, eight years later, when faced with an enhanced sentence as an habitual offender, to assert his juvenile status for the first time, and have his conviction vacated. This brings us to the issue of laches as a defense to Twyman's petition for post conviction relief.

*Issue Two*

While diligence is not necessarily a prerequisite to obtaining post conviction relief, *Stutzman v. State,* (1981) Ind.App., 427 N.E.2d 724, *trans. denied* (1982), the trial court may deny such relief on the basis of laches. *Hernandez v. State,* (1983) Ind. App., 450 N.E.2d 93; *Haynes; Stutzman.* However, laches must be asserted as a defense by the state in the trial court and cannot be raised for the first time on appeal. *Baker v. State,* (1980) Ind., 403 N.E.2d 1069; *Frazier v. State,* (1975) 263 Ind. 614, 335 N.E.2d 623. The petitioner is entitled to an opportunity to present his evidence in avoidance of laches. *Frazier.* Thus, the *Frazier* court held it was error to dismiss the petition for post conviction relief on the basis of laches. *Accord Haynes. Cf. Hernandez* where this court held that trial court could deny such a petition summarily for unreasonable delay in filing the petition. In this case, unlike *Frazier* and *Stutzman,* the trial court did hold a hearing on Twyman's petition for post conviction relief. He was not denied an opportunity to explain the delay in filing his petition. The burden of proof in a post conviction proceeding is upon the petitioner to prove the grounds asserted for relief by a preponderance of the evidence. *Baker; Rinard v. State,* (1979) 271 Ind. 588, 394 N.E.2d 160. Although laches is an affirmative defense, *Hernandez; Stutzman,* our cases indicate that once the defense is raised by the state, the petitioner must explain his delay in filing. *Baker; Hernandez; Stutzman.*

The question of laches is one to be determined by the court in the exercise of its sound discretion from the facts and circumstances of the particular case. *Frazier; Haynes; Stutzman.*

"[Laches] is the neglect for an unreasonable length of time, under circumstances permitting diligence, to do what in law should have been done. It is an implied waiver arising from knowledge of existing conditions and an acquiescence in them, the neglect to assert a right, as taken in conjunction with the lapse of time, more or less great, and other circumstances causing prejudice to the other party and thus operating as a bar in a court of equity. [Citation omitted.]"

*Frazier,* 263 Ind. at 616–17, 335 N.E.2d at 624.

While lapse of time alone does not necessarily constitute laches, *Frazier,* it nevertheless is a significant factor to be considered with the other circumstances in determining the question of laches. In fact, in *Hernandez,* this court found a six year delay in the challenge of a guilty plea, without explanation for the delay, sufficient to permit the trial court to deny a post conviction relief petition without a hearing.

In our opinion, the facts and circumstances in this case, including Twyman's deliberate misstatement of his age, his failure to take prompt action to rectify the matter as in *Cummings,* his failure to challenge the habitual offender determination on any ground other than identification, and his eight year delay in filing his petition for post conviction relief asserting, for the first time, his juvenile status in 1974, justified the trial court in finding him guilty of laches and denying his petition on that ground. A trial court's determination that a petitioner in a post conviction remedy proceeding is barred by laches will be overturned only where there has been an abuse of discretion. *Hernandez; Stutzman.* We cannot say the trial court abused its discretion.

Judgment affirmed.

ROBERTSON, P.J., and NEAL, J., concur.