OPINION
Appellant Ross Walker appeals the decision of the Delaware County Court of Common Pleas on the basis that the trial court lacked jurisdiction to sentence him on two counts of felonious assault. The following facts give rise to this appeal. During the afternoon hours of June 28, 1998, appellant, his brother Randy Walker, Gary Walker and Daniel Seberig traveled to Delaware County to visit Jerry Walker. While visiting at Jerry Walker's apartment complex, Randy Walker, Gary Walker and Daniel Seberig began fighting with Sean Moore and Jason Bravard. During the fight, appellant pulled out a gun and fired five shots, hitting Sean Moore in the leg with two of the shots. Appellant was seventeen years old at the time of this offense. On June 29, 1998, the state filed five separate complaints in juvenile court charging appellant with attempted murder with a gun specification, carrying a concealed weapon, felonious assault with a gun specification, felonious assault and possession of marijuana. The state filed a motion to transfer the case from the juvenile division to the general division. The trial court conducted a hearing on appellant's motion on August 5, 1998. On August 6, 1998, the juvenile court granted the state's motion and transferred jurisdiction to the general division. On August 20, 1998, the Delaware County Grand Jury indicted appellant on one count of attempted murder and two counts of felonious assault. Each count contained a gun specification. Appellant's trial commenced on October 27, 1999. Following deliberations, the jury returned a verdict of not guilty as to the count of attempted murder with a gun specification and guilty verdicts as to the two counts of felonious assault with gun specifications. On November 18, 1998, appellant filed a motion requesting the juvenile court transfer the charges of felonious assault with gun specifications back to the juvenile court. The trial court denied appellant's motion on December 8, 1998. The trial court sentenced appellant accordingly on December 16, 1998. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
I. THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION TO RETURN THE MATTER TO JUVENILE COURT AS THE TRIAL COURT WAS WITHOUT JURISDICTION TO PROCEED.
 I
In support of his sole assignment of error, appellant maintains that after the jury found him not guilty of attempted murder with a gun specification, the trial court should have returned the two counts of felonious assault to the juvenile court because the trial court was without jurisdiction to proceed. We do not agree. Appellant argues the trial court improperly transferred the charges of felonious assault under the revised version of R.C.2151.26. The revised version of R.C. 2151.26(A) creates two classifications of offenses: Category One and Category Two. Category One offenses include: aggravated murder or murder and attempted aggravated murder or murder. Category Two offenses include: voluntary manslaughter, kidnaping, rape, aggravated arson, aggravated robbery, aggravated burglary, involuntary manslaughter (where the death is a proximate result of the offender's committing or attempting to commit a felony) and felonious sexual penetration. R.C. 2151.26(B) addresses the mandatory transfer procedure. A child must be transferred to the criminal court if the child was fourteen years old or older at the time of the offense, probable cause exists and one or more of the following applies: 1. A prior case was transferred to the criminal court and the child pleaded guilty to or was convicted of a felony in that case.
2. The child is domiciled in another state and, if the offense had been committed in that state, the child would be subject to criminal prosecution without the need for a transfer of jurisdiction from that state's juvenile court.
3. The child is charged with a Category One offense and either or both of the following apply: a. The child was sixteen years old or older at the time of the offense; or b. The child was previously adjudged delinquent for committing an act that is a Category One or Category Two offense and was committed to the Department of Youth Services upon the basis of that adjudication.
4. The child is charged with a Category Two offense, other than kidnaping, and was sixteen years old or older at the time of the offense and either or both of the following apply:
a. The child was previously adjudged delinquent for committing an act that is a Category One or Category Two offense and was committed to the Department of Youth Services upon the basis of that adjudication. b. The child is alleged to have had a firearm on his person or under his control during the commission of the offense and displayed, brandished, indicated possession of, or used the firearm to facilitate commission of the offense.
R.C. 2151.26(C) sets forth the procedure for discretionary transfer. This statute reduced the age of discretionary transfer from fifteen years old to fourteen years old. In determining whether to transfer a child pursuant to the discretionary transfer provisions, the juvenile court must consider the following factors in favor of transfer: 1. Child was 14 years old or older at the time of the offense.
2. There is probable cause to believe that the child committed the offense.
3. After an investigation, including a mental examination, and after consideration of all relevant information and factors, there are reasonable grounds to believe that both of the following apply:
 a) The child is not amenable to care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children. b) Safety of the community requires the child be placed under legal restraint, including, if necessary, for the period extending beyond the child's majority.
In addition to the above statute, Juv.R. 30 also applies to discretionary transfers and establishes a two-step hearing procedure for discretionary transfers. Under Juv.R. 30(A), a preliminary hearing is held to determine whether there is probable cause to believe the child has committed a felony. Under Juv.R. 30(C), if the court finds probable cause, the court must conduct a second hearing, after a full investigation is completed, to determine whether jurisdiction should be transferred to the criminal court. This second hearing focuses on the amenability of the child to rehabilitation in the juvenile court system. Before a child may be transferred, the court must find there are reasonable grounds to believe that: (1) the child is not amenable to care or rehabilitation or further care or rehabilitation in any facility for delinquent children and the safety of the community may require legal restraint for a period extending beyond the child's majority. R.C. 2151.26(C)(1)(c)(I),(ii). Further, R.C.2151.26(C)(2) requires the trial court to consider the following five factors in favor of transfer: 1. A victim was five years old or younger, regardless of whether the child knew the age of the victim.
2. A victim sustained physical harm during the commission of or otherwise as a result of the offense.
3. The child is alleged to have had a firearm on his person or under his control during the commission of the offense and displayed, brandished, indicated possession of, or used the firearm to facilitate commission of the offense, other than a violation of R.C. 2923.12, carrying a concealed weapon.
4. The child has a failed history of rehabilitation following one or more commitments to the Department of Youth Services pursuant to R.C. 2151.355(A)(3), (4), (5), (6), or (7).
5. A victim was sixty-five years old or older or permanently and totally disabled at the time of the offense, regardless of whether the child knew the age of the victim.
R.C. 2151.26 (C)(4)(b) provides:
 (b) If, pursuant to division (C) (4) (a) of this section, the court determines that division (B) (2), (3), or (4) of this section applies and requires that the case or cases involving one or more of the acts charged be transferred for criminal prosecution to the appropriate court having jurisdiction over the offense, the court shall transfer the case or cases in accordance with the applicable division. After the transfer pursuant to division (B) (2), (3), or (4) of this section, the court shall decide, in accordance with division (C) (4) (b) of this section, whether to grant the motion requesting that the case or cases involving one or more of the acts charged be transferred for criminal prosecution to the appropriate court having jurisdiction of the offense pursuant to division (C) (1) of this section. In making its decision regarding the motion requesting a transfer pursuant to division (C) (1) of this section, the court at a hearing may transfer the subject case to the appropriate court having jurisdiction of the offense if the act charged in the case would be a felony if committed by an adult, if the child was fourteen years of age or older at the time of the act charged, and if there is probable cause to believe that the child committed the act charged. Notwithstanding divisions (C)(1) to (3) of this section, prior to transferring a case pursuant to division (C) (4) (b) of this section, the court is not required to consider any factor specified in division (C) (2) of this section or to conduct an investigation or make a determination of this type described in division (C) (1) (c) of this section.
It is undisputed in the instant case that the juvenile court properly handled the mandatory transfer of the attempted murder charge. Further, it is undisputed that the court did not make a finding of probable cause before transferring the two counts of felonious assault, as required by R.C. 2151.26 (C) (4) (b), and therefore the court erred. However, this error is cured by the grand jury indictment on two counts of felonious assault. The longstanding rule in Ohio is that upon transfer from juvenile court, the grand jury is authorized to return a proper indictment on the facts submitted to it, and is not confined to the charges originally filed in the juvenile court. State v. Klingenberger (1925), 113 Ohio St. 418, syllabus; State v. Adams (1982),69 Ohio St.2d 120, paragraph two of the syllabus. To confine indictment solely to the charges presented from juvenile court would improperly restrict the power of the grand jury to review the facts as submitted by the prosecutor, and indict on the charge or charges it feels is appropriate. As the attempted murder charge was properly bound over to the grand jury, the grand jury had the authority to indict appellant on any charges arising out of that set of facts, which the grand jury felt were appropriate. Therefore, the indictment on two counts of felonious assault, and finding of probable cause which necessarily supported the indictment, cured the error in the original transfer. Further, the common pleas court had no authority to grant appellant's motion to return the matter to juvenile court. R.C. 2151.26 (F) provides that the transfer abates the jurisdiction of the juvenile court with respect to delinquent acts alleged in the complaint, and upon transfer, all further proceedings pertaining to the act charged shall be discontinued in the juvenile court. Therefore, upon transfer in the instant case, the juvenile court lost all jurisdiction over the delinquent acts alleged in the original complaint, and the common pleas court could not transfer a portion of the case back to juvenile court. The assignment of error is overruled.
For the foregoing reasons the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed and the cause is remanded to that court for execution of sentence.
By: Gwin, J Hoffman, J., concurs separately, Wise, P.J., dissents.